COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | | No. 08-11-00100-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 112th District Court |
| | § | |
| WARDEN II DAVID SWEETIN, | | of Crockett County, Texas |
| INDIVIDUAL CAPACITY, | § | |
| ASSISTANT WARDEN RICHARD | | |
| GUNNELS, and WILLIAM C. HAMAN, | § | |
| | | |
| Appellees. | | |

## **MEMORANDUM OPINION**

This case is before the Court on our own motion to determine whether it should be dismissed for lack of jurisdiction. Because there is no appealable order, we will dismiss.

Appellant, who is imprisoned, attempted to file a pleading in the district court. Although the nature of the pleading is not entirely clear, it appears that Appellant alleged that prison officials had committed intentional torts against him. The district court clerk responded by letter, stating that she diligently searched her records, but was "unable to locate any previous criminal filings in this county on you." The clerk advised Appellant to file his "petition" in the county where he was sentenced. There is no indication that the clerk filed Appellant's pleading. Appellant filed a notice of appeal.

The Clerk of this Court notified Appellant that there does not appear to be an appealable order, and that the Court therefore intended to dismiss this appeal for lack of jurisdiction unless any party could show grounds for continuing the appeal. Although Appellant responded to the Clerk's

notice, the response is incomprehensible.

This Court has appellate jurisdiction over final judgments and certain interlocutory orders. *Cantu Servs., Inc. v. United Freedom Assocs., Inc.*, 329 S.W.3d 58, 62 (Tex.App.--El Paso 2010, no pet.). In this case, there is no order from which Appellant may appeal. *See Moody v. Spivey*, No. 06-10-00066-CV, 2010 WL 3450351, at *1 (Tex.App.--Texarkana Sept. 3, 2010, no pet.)(mem. op.)(dismissing appeal because no order had been entered by the trial court). Accordingly, the appeal is dismissed for lack of jurisdiction.[1]

May 11, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[1] When a district clerk refuses to file a pleading, the proper remedy is a writ of mandamus from the district court. *In re Bernard*, 993 S.W.2d 453, 454 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding)(O'Connor, J., concurring).